**Jose RODRIGUEZ, Valentin Rodriguez, Alejandro Mondragon and Ruben Perez, Individually and on Behalf of all Others Similarly Situated, Plaintiffs,**

v.

**MECHANICAL TECHNICAL SERVICES, INC.; Comfort Systems USA, Inc.; CLP Resources, Inc., and Labor Ready, Central, Inc., Defendants.**

**Civil No. A–12–CA–710–LY.**

United States District Court,
W.D. Texas,
Austin Division.

Signed April 17, 2014.

---

**162.** Compl. ¶¶ 43–45.

Aaron Michael Johnson, Christopher J. Willett, Austin, TX, J. Derek Braziel, Lee & Braziel, LLP, Dallas, TX, for Plaintiffs.

Angela N. Marshall, Michael W. Fox, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Danley K. Cornyn, Thompson and Knight, LLP, Austin, TX, Elizabeth A. Schartz, Thompson & Knight LLP, Dallas, TX, Amelia D. Winchester, David R. Ongaro, Thompson & Knight LLP, San Francisco, CA, for Defendants.

### ORDER GRANTING MOTION FOR SUPPLEMENTAL MEDIA NOTICE

LEE YEAKEL, District Judge.

Before the court is the above styled and numbered cause. Plaintiffs, individually and on behalf of others similarly situated, allege that Defendants improperly failed to pay them overtime wages in violation of the federal Fair Labor Standards Act. 29 U.S.C. § 216(b) ("FLSA"). Pending are Plaintiffs' Motion for Supplemental Media Notice filed April 4, 2014 (Clerk's Document No. 108), Defendants Mechanical Technical Services, Inc. and Comfort Systems USA, Inc.'s Response to Plaintiffs' Motion for Supplemental Media Notice filed April 11, 2014 (Clerk's Document No. 109), Defendants CLP Resources, Inc.'s and Labor Ready Central, Inc.'s Opposition to Plaintiffs' Motion for Supplemental Media Notice filed April 11, 2014 (Clerk's Document No. 110), and Plaintiffs' Reply filed April 12, 2014 (Clerk's Document No. 114). Having considered the motion, responses, the reply, the case file, and the applicable law, the motion will be granted.

Plaintiffs Jose and Valentin Rodriguez and additional opt-in claimants, on behalf of themselves and other similarly-situated individuals, who include hourly paid Mtech employees and individuals employed through any temporary staffing agency, including Defendants CLP and Labor Ready, who worked for Mtech, commenced this FLSA collective action on August 6, 2012 and moved for conditional class certification on October 26, 2012.[1] Specifically, Plaintiffs are individuals who performed installation or construction of HVAC systems, including duct workers, sheet metal workers, pipefitters, technicians, and mechanics, for Mtech at any time during the three-year period preceding the filing of the Plaintiffs' Complaint. Plaintiffs allege that Defendants did not pay some of them for performing required preparatory work. Instead, they allege that Defendants required some Plaintiffs to arrive before the start of their scheduled shift so that these Plaintiffs could complete performance of several work-required tasks for which they were not paid. Additionally, other Plaintiffs allege that foremen or assistants to foremen were required to perform various tasks after their scheduled shifts ended for which they were not paid.

---

1. Mtech is a wholly-owned subsidiary of Comfort Systems.

On June 13, 2013, the court granted Plaintiffs' request for conditional certification and ordered the parties to meet and confer regarding the class notice and consent form, and further ordered the parties to submit a joint proposed notice in English and Spanish for the court's consideration by August 5, 2013. On September 4, 2013, the court approved the parties' joint notice and consent form and provided a deadline of November 12, 2013 for opt-in plaintiffs to file their notices.

During this initial notice period, Plaintiffs determined that additional job classifications should be included in the class. Although the parties disagreed about this issue, ultimately they agreed to provide written notice to an additional group of workers in other job classifications. This resulted in a "Second Notice" mailed on October 7, 2013. The deadline for the group receiving the second notice was set for December 7, 2013.

On January 7, 2014, Plaintiffs filed a motion requesting the court to allow them to provide a "Third Notice" to all class members. Plaintiffs' motion was based in part on their lack of any contact information for the "TNT Class Members" who worked for Defendant MTech. Further, Plaintiffs requested that a notice with non-retaliation language be issued to all class members, and to publish "an abbreviated version of the Court's approved notice through local Spanish-language radio stations and newspapers, and to provide the abbreviated notice directly by telephone." The court held a hearing and denied the motion on February 26, 2014, and the parties were directed to meet and confer regarding the Third Notice. After their meeting, the parties filed a joint motion asking the court to allow them to submit a written notice by mail and to extend the deadline to May 20, 2014, for class members to opt into this action. The court granted the joint motion. The joint motion, however, did not include any notice by telephone nor by Spanish radio and newspapers because the parties could not agree to terms.

Plaintiffs now ask the court to issue a supplemental media notice, a "Fourth Notice," by publication in Austin-area, Spanish-language radio and newspapers. Plaintiffs contend that of the 312 class members identified so far by Defendants, 66 of the notices were returned marked "undeliverable." Further Plaintiffs argue, "inevitably many more [notices] failed to reach the intended recipients but were not returned." Plaintiffs also assert "likely at least 25% of the potential class [have] not yet received notice of their rights." Plaintiffs argue that Defendants will suffer no prejudice by allowing the supplemental media notice because Plaintiffs are not seeking any extension of the current May 20, 2014 opt-in deadline. Plaintiffs argue, "[t]he Court's approved notice would have to be condensed to fit within the time and space available within typical advertisement blocks." Further, Plaintiffs "propose to confer with Defendants and selected media outlets and to obtain Defendants' agreement or this Court['']s approval of the condensed notice before publication."

Defendants oppose Plaintiffs' request, arguing that issuing another notice—which would be the third notice that 80% or more of the members will receive—may suggest that the court is encouraging participation in the lawsuit, which is impermissible. *See Robinson v. Ryla Teleservices, Inc.*, 2011 WL 6667338 at *5, n. 7 (S.D.Ala.2011). Moreover, Defendants argue that another notice is highly prejudicial to Defendants, and may lead to negative publicity and impact Defendants' businesses. Defendants also argue that Plaintiffs fail to provide any authority or evidence supporting their argument that additional supplemental notice is warranted or necessary. Finally, Defendants contend that Plaintiffs have failed to provide the court any legal authority suggesting that supplemental FLSA notice, in any form, should issue if some putative class members' notices are returned as undeliverable.

■ In FLSA collective actions, the district court has discretion to approve the form and content of notices, and any deadlines for the filing of opt-in notices. *See Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). The Fifth Circuit has approved notice to a class of migrant workers in a Rule 23 class action by use of mail, radio announcements and personal contacts due to the mobile, and semi-

literate character of the class. *See Montelongo v. Meese*, 803 F.2d 1341, 1351–52 (5th Cir.1986). Additionally, several district courts have recognized the need to adapt their notice procedures for immigrant workers to ensure that they receive "the best notice practicable." *See, e.g., Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1305 n. 2 (9th Cir.1990) (approving Rule 23 notice by mail, radio, and newspaper).

█ Plaintiffs' request stems from their position that they have been unable to reach a significant number of the putative-collective-action members by mail. On this issue the parties do not disagree. Further, Plaintiffs do not request any further extensions of the May 20, 2014 opt-in deadline, rather, they seek only to issue the notice already approved by the court in an abbreviated form via additional publication methods. Having considered all of the circumstances in this action, and in light of the fact that the parties agreed and the court has extended the opt-in deadline to May 20, 2014, the court finds that publication of an abbreviated version of the approved notice by Austin-area, Spanish-language radio and newspapers will provide the best notice practicable to the putative-collective-action members.

**IT IS ORDERED** that Plaintiffs' Motion for Supplemental Media Notice filed April 4, 2014 (Clerk's Document No. 108) is **GRANTED to the following extent:** the Plaintiffs shall meet and confer with Defendants and the parties are to agree to a condensed version of the notice previously approved by the court, which Plaintiffs are permitted to publish via Austin-area, Spanish-language radio and newspapers. Further, any consent forms must be postmarked no later than May 20, 2014. In all other respects, the motion is **DENIED.**